**Miguel Rincon ROJAS; et al., Petitioners,**

v.

**Eric H. HOLDER Jr., Attorney General, Respondent.**

**No. 07–74169.**

United States Court of Appeals, Ninth Circuit.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Submitted July 29, 2009.*

Filed Aug. 4, 2009.

Miguel Rincon Rojas, Huntington Beach, CA, pro se.

Teofila Rincon Tapia, Huntington Beach, CA, pro se.

Miguel Angel Rincon Tapia, Huntington Beach, CA, pro se.

Ashley B. Han, Esquire, OIL, Joan H. Hogan, DOJ–U.S. Department of Justice, Washington, DC, CAC–District Counsel, Esquire, Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: WALLACE, LEAVY, and HAWKINS, Circuit Judges.

MEMORANDUM **

Miguel Rincon Rojas, and his family, natives and citizens of Mexico, petition for review of the Board of Immigration Appeals' ("BIA") order denying their motion to reopen. We have jurisdiction under 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen, *Singh v. INS,* 295 F.3d 1037, 1039 (9th Cir.2002), and review de novo claims of constitutional violations in immigration proceedings, *Ram v. INS,* 243 F.3d 510, 516 (9th Cir.2001). We deny the petition for review.

We conclude that the BIA acted within its broad discretion in determining that the evidence presented with the motion to reopen was insufficient to warrant reopening. *See Singh,* 295 F.3d at 1039 (BIA's denial of a motion to reopen shall be reversed only if it is "arbitrary, irrational, or contrary to law"). It follows that petitioner's due process claim fails. *See Lata v. INS,* 204 F.3d 1241, 1246 (9th Cir.2000) (requiring error for a petitioner to prevail on a due process claim).

**PETITION FOR REVIEW DENIED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.